UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| GLORIA D. KING,<br><br>      Plaintiff,<br><br>vs.<br><br>SOUTH CAROLINA FEDERAL CREDIT UNION,<br><br>      Defendant. | Civil Action No. 3:09-CV-412-JFA-JRM<br><br>**ANSWER** |

The Defendant, South Carolina Federal Credit Union ("Defendant"), by and through its undersigned counsel, answers Plaintiff's Complaint as follows:

### FOR A FIRST DEFENSE

1.    Each and every allegation contained in the Complaint not specifically hereinafter admitted is denied, and strict proof thereof is demanded.

### FOR A SECOND DEFENSE

2.    Answering Paragraph 1 of the Complaint, Defendant admits that Plaintiff has alleged causes of action under Title VII of the Civil Rights Act of 1964, but denies that Plaintiff can prove, or is entitled to relief for, any such causes of action. All other allegations contained in Paragraph 1 of the Complaint are denied.

3.    Upon information and belief, Defendant admits the allegations contained in Paragraph 2 of the Complaint.

4.    Answering Paragraph 3 of the Complaint, Defendant states that it is a credit union duly chartered, organized, and existing under the laws of the United States of America and permitted to conduct business in the State of South Carolina. All other or contrary allegations contained in Paragraph 3 of the Complaint are denied.

5. Answering Paragraph 4 of the Complaint, Defendant admits only that it currently has, and had at the time of Plaintiff's employment with Defendant, in excess of 15 employees. All other or contrary allegations contained in Paragraph 4 of the Complaint are denied.

6. Defendant denies the allegations contained in paragraph 5 of the Complaint.

7. Paragraph 6 of the Complaint states a legal conclusion to which no response is required; to the extent a response is required, those allegations are denied.

8. Paragraph 7 of the Complaint states a legal conclusion to which no response is required, to the extent a response is required. Defendant admits only that this Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331.

9. Answering Paragraph 8 of the Complaint, Defendant admits only that Plaintiff was employed by Defendant for approximately five years. All other or contrary allegations contained in Paragraph 8 of the Complaint are denied.

10. Answering Paragraph 9 of the Complaint, Defendant admits only that Plaintiff reported directly to Mr. Scott Blue during a portion of her employment with Defendant. All other or contrary allegations contained in Paragraph 9 of the Complaint are denied.

11. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 11 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

15. Answering Paragraph 14 of the Complaint, Defendant admits only that Plaintiff discussed, *inter alia*, promotion issues with a senior manager in or around February 2007, but denies that Plaintiff's allegations are appropriate or well-founded. All other or contrary allegations contained in Paragraph 14 of the Complaint are denied.

16. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

17. Answering Paragraph 16 of the Complaint, Defendant admits only that Plaintiff sent an e-mail in or around March 2007 addressing, *inter alia*, promotion issues, but denies that the issues raised by Plaintiff were appropriate or well-founded. All other or contrary allegations contained in Paragraph 15 of the Complaint are denied.

18. Answering Paragraph 17 of the Complaint, Defendant admits only that in early April 2007 senior managers had a conversation with Plaintiff about her March e-mail, and that Plaintiff's employment was terminated on or about April 9, 2007, for legitimate, non-discriminatory reasons. All other or contrary allegations contained in Paragraph 17 of the Complaint are denied.

19. Answering Paragraph 18 of the Complaint, Defendant admits only that Plaintiff filed an SCHAC/EEOC Charge, but further states that the charge was dismissed with a finding of "no cause."

20. Answering Paragraph 19 of the Complaint, Defendant reasserts the responses contained in the previous paragraphs and incorporates the same herein as if restated verbatim.

21. Paragraph 20 states a legal conclusion to which no response is required; to the extent a response is required, the allegations contained in Paragraph 20 are denied.

22. Answering Paragraph 21 of the Complaint, Defendant admits only that Plaintiff made certain erroneous allegations of purported race discrimination, but Defendant denies that such allegations were timely, appropriate, or accurate. All other or contrary allegations contained in Paragraph 21 of the Complaint are denied.

23. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

PPAB 1538145v2

24. Answering Paragraph 23 of the Complaint, Defendant admits only that Plaintiff made certain erroneous allegations of purported race discrimination, but Defendant denies that such allegations were timely, appropriate, or accurate. All other or contrary allegations contained in Paragraph 23 of the Complaint are denied.

25. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

27. Paragraph 26 states a legal conclusion to which no response is required; to the extent a response is required, the allegations contained in Paragraph 26 are denied.

28. Defendant denies that Plaintiff is entitled to the relief requested in the first "WHEREFORE" clause of the Complaint and all subparts thereto.

29. Answering Paragraph 27 of the Complaint, Defendant reasserts the responses contained in the previous paragraphs and incorporates the same herein as if restated verbatim.

30. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

31. Answering Paragraph 29 of the Complaint, Defendant admits only that Plaintiff made certain erroneous allegations of purported race discrimination against Defendant's personnel, but Defendant denies that such allegations were timely, appropriate, or accurate. All other or contrary allegations contained in Paragraph 29 of the Complaint are denied.

32. Answering Paragraph 30 of the Complaint, Defendant admits only that it terminated Plaintiff's employment for legitimate, nondiscriminatory reasons, but Defendant denies that such termination was in any way based on Plaintiff's race or any other unlawful reason. All other or contrary allegations contained in Paragraph 30 of the Complaint are denied.

33. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

34. Paragraph 32 states a legal conclusion to which no response is required; to the extent a response is required, the allegations contained in Paragraph 32 are denied.

35. Defendant denies that Plaintiff is entitled to the relief requested in the second "WHEREFORE" clause of the Complaint and all subparts thereto.

36. Answering Paragraph 33 of the Complaint, Defendant reasserts the responses contained in the previous paragraphs and incorporates the same herein as if restated verbatim.

37. Answering Paragraph 34 of the Complaint, Defendant admits only that Plaintiff was employed by Defendant on an at-will basis and not pursuant to any contract, and that, upon information and belief, Plaintiff is black. All other and contrary allegations contained in Paragraph 34 are denied.

38. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

39. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

40. Paragraph 37 states a legal conclusion to which no response is required; to the extent a response is required, the allegations contained in Paragraph 37 are denied.

41. Defendant denies that Plaintiff is entitled to the relief requested in the third "WHEREFORE" clause of the Complaint and all subparts thereto.

**FOR A THIRD DEFENSE**

42. The complaint is barred in whole or in part because it fails to state a claim upon which relief may be granted.

**FOR A FOURTH DEFENSE**

43. Plaintiff's Complaint, and each count therein, is barred if Plaintiff failed to bring this action within ninety (90) days of receiving a right-to-sue notice from the EEOC as provided by 42 U.S.C. § 2000e-5(f)(1).

PPAB 1538145v2

## FOR A FIFTH DEFENSE

44. Defendant did not take action against Plaintiff because she opposed any act or practice made unlawful by the Title VII, or because she made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under or related to the Title VII.

## FOR A SIXTH DEFENSE

45. Defendant did not coerce, intimidate, threaten, or interfere with Plaintiff in the exercise or enjoyment of, or on account of her having exercised or enjoyed, or on account of her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by Title VII.

## FOR A SEVENTH DEFENSE

46. All actions taken with respect to Plaintiff were based upon legitimate non-discriminatory and non-retaliatory job-related factors without regard to her race or any other protected characteristic, any alleged protected activity, or any other unlawful basis.

## FOR AN EIGHTH DEFENSE

47. Plaintiff was not subjected to a severe or pervasive hostile work environment.

## FOR A NINTH DEFENSE

48. Plaintiff did not oppose any practice made unlawful by Title VII or any other law, nor did Plaintiff otherwise engage in any protected activity.

## FOR A TENTH DEFENSE

49. Defendant had policies and procedures in effect, and exercised reasonable care, to prevent and promptly correct the alleged unlawful conduct, and Plaintiff unreasonably failed to avail herself of those policies and procedures.

PPAB 1538145v2

## FOR AN ELEVENTH DEFENSE

50.    Defendant terminated Plaintiff for good cause.

## FOR A TWELFTH DEFENSE

51.    Plaintiff's own actions created and/or caused any and all employment actions Defendant took against her.

## FOR A THIRTEENTH DEFENSE

52.    All actions taken by Defendant with respect to Plaintiff were justified, privileged, reasonable and taken in good faith, without any improper motive, purpose or means and without any hatred, ill will, malice or intent to injure, and were in accordance with all applicable laws, ordinances, rules, regulations, and constitutions.

## FOR A FOURTEENTH DEFENSE

53.    No alleged act, breach or omission by Defendant either proximately caused or contributed to whatever damages, if any, Plaintiff may have sustained or claims to have sustained.  Therefore, Plaintiff is not entitled to any recovery from Defendant.

## FOR A FIFTEENTH DEFENSE

54.    Plaintiff's claims are barred, in whole or in part, because there was no causation between her race or any alleged protected activity and the termination of her employment.

## FOR A SIXTEENTH DEFENSE

55.    Notwithstanding the affirmative defenses alleged herein, to the extent Plaintiff establishes, or raises a question of fact that, her race or protected activity, if any, was a motivating factor for any employment decision challenged, which Defendant denies, the same action would have been taken in the absence of such an impermissible motivating factor.

### FOR A SEVENTEENTH DEFENSE

56. Plaintiff has failed, in whole or in part, to satisfy the necessary administrative prerequisites to some or all of her claims or parts thereof.

### FOR AN EIGHTEENTH DEFENSE

57. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, and/or by the equitable doctrines of waiver, estoppel, laches, and/or unclean hands.

### FOR A NINETEENTH DEFENSE

58. Plaintiff's claims are barred, in whole or in part, to the extent that the complaint is based on discrete acts alleged to have occurred more than 300 days prior to the proper filing of a charge of discrimination with the EEOC or South Carolina Human Affairs Commission raising such claim or claims.

### FOR A TWENTIETH DEFENSE

59. Plaintiff's claims are barred to the extent that the complaint alleges conduct that was not previously alleged in a timely administrative charge filed with the EEOC or SCHAC or that otherwise exceeds the scope of the Charge of Discrimination filed with the EEOC or SCHAC.

### FOR A TWENTY-FIRST DEFENSE

60. Plaintiff's remedies, if any, should be limited by the provisions of 42 U.S.C. § 2000e-5(g)(2)(B).

### FOR A TWENTY-SECOND DEFENSE

61. Plaintiff's remedies, if any, are capped by the Civil Rights Act of 1991.

## FOR A TWENTY-THIRD DEFENSE

62. Plaintiff's remedies, if any, are barred, in whole or in part, by her failure to mitigate her damages and if she failed to exhaust all available administrative remedies.

## FOR A TWENTY-FOURTH DEFENSE

63. Plaintiff's remedies, if any, may be limited by the after-acquired evidence rule.

## FOR A TWENTY-FIFTH DEFENSE

64. Plaintiff's claim for punitive damages, if any, is barred because Defendant did not engage in discriminatory practices or actions with malice or in reckless disregard for Plaintiff's statutory rights.

## FOR A TWENTY-SIXTH DEFENSE

65. Plaintiff's claim for punitive damages, attorneys' fees, and costs is barred, in whole or in part, since such damages are not available for some or all of the claims asserted by Plaintiff because defendant did not engage in any conduct rising to the level required to sustain such awards, and because an award of punitive damages would violate due process.

## FOR A TWENTY-SEVENTH DEFENSE

66. Defendant hereby gives notice that it reserves the right to assert, and does not waive, any additional or further defenses as may be revealed by additional information acquired during discovery or otherwise, and reserves the right to amend this Answer to assert any such defenses.

WHEREFORE, Defendant respectfully request that the Court: (1) dismiss the complaint in its entirety with prejudice; (2) award defendant its costs, disbursements and attorneys' fees incurred in defending this action; and (3) grant it such other and further relief as the Court deems just and proper.

PPAB 1538145v2

Respectfully submitted,

s/ J. Walker Coleman, IV
J. Walker Coleman, IV (Fed. ID No. 6007)
Email:  walkercoleman@parkerpoe.com
Henry W. Frampton, IV (Fed. ID No. 10365)
Email: halframpton@parkerpoe.com
PARKER POE ADAMS & BERNSTEIN LLP
200 Meeting Street, Suite 301
Post Office Box 160 (29402)
Charleston, SC  29401
Phone:  (843) 727-2650
Fax:  (843) 727-2680

ATTORNEYS FOR DEFENDANT
SOUTH CAROLINA FEDERAL CREDIT UNION

March 31, 2009

Charleston, South Carolina